UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
JEROME GRIGGS BEERY,
    Debtor.                        No. 7-94-10504 SS

YVETTE J. GONZALES, TRUSTEE,
    Plaintiff,
v.                              Adv. No. 09-1191 S

JEROME GRIGGS BEERY,
JOYCE K. BEERY,
COUNTRYWIDE BANK FSB,
UNITED STATES OF AMERICA, (IRS), and
FIRST NATIONAL BANK OF SANTA FE,
    Defendants.

**MEMORANDUM OPINION IN SUPPORT OF
ORDER DENYING DEBTOR'S MOTIONS TO DISMISS**

Debtor Jerome Beery has filed two motions to dismiss, both at docket 18. Trustee Yvette Gonzales has responded. Doc 22. Both motions will be denied.

Trustee filed this adversary proceeding to quiet title to the estate's undivided one-half interest in a residential property located at 565 Navajo, Los Alamos, New Mexico. Trustee claims that Debtor and his wife owned that property at the time Debtor filed his chapter 7 petition in February 1994, and that therefore by operation of law Debtor's undivided half interest in the property became property of the estate by virtue of §541(a)(1).[1] Debtor disputes that claim and argues in his first

_____

[1] Neither the complaint nor any of the responses of the defendants have raised the issue of the entire residence coming into the estate pursuant to §541(a)(2), nor does the judgment entered in an earlier adversary proceeding referred to below

Page 1 of 4

motion (doc 18 at 1) that in February 1985, he transferred his half interest to his spouse, Joyce K. Beery, and thus there was nothing to pass to the estate upon the filing of the petition.[2] Debtor also acknowledges that in a previous adversary proceeding [Gonzales v. Beery, Adv Pro 97-1059], the Court (the Honorable Mark B. McFeeley, the predecessor judge in the bankruptcy case and the adversary proceedings) ruled on this very issue, holding that

> [t]he Debtor's undivided one half interest in the Los Alamos Property [565 Navajo] as a joint tenant entered the Debtor's estate at the time he filed his Chapter 7 petition....

Id., Judgment, at 3 of 5 (97-1059 doc 195). The judgment was appealed, Notice of Appeal (97-1059 doc 197), which appeal was dismissed. Mandate to Dismiss Appeal (97-1059 doc 208).

Debtor argues that this decision was "serious error", doc 18 at 1, but without the appellate court having overruled the judgment, such a claim is unavailing. The ruling that what was Debtor's undivided half interest in the Los Alamos Property

_____

(also styled Gonzales v. Beery, but numbered adv pro 97-1059), and so the Court will not consider that issue either.

[2] The motions to dismiss argue matters outside the pleadings and thus more properly should be prosecuted as motions for summary judgment. As such, of course, the motions to dismiss completely fail to comply with the requirements for motions for summary judgment. See generally F.R.B.P. 7056; NM LBR 7056-1 (2010). The motions could be dismissed on those grounds alone, and the Court hereby does so, but the Court also deems it more expeditious and useful for the parties to rule on the substance of the motions to dismiss.

Case 09-01191-nlj   Doc 35   Filed 04/11/11   Entered 04/11/11 14:36:16 Page 2 of 4

became part of the estate with the filing of the bankruptcy petition in February 1994, is binding on Debtor by virtue of the doctrine of claim preclusion or res judicata.

> Res judicata ensures the finality of decisions. Under res judicata, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." <u>Montana v. United States</u>, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979). Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding. <u>Chicot County Drainage Dist. v. Baxter State Bank</u>, 308 U.S. 371, 378, 60 S.Ct. 317, 320, 84 L.Ed. 329 (1940); 1B J. Moore, Federal Practice ¶ 0.405[1] (2d ed. 1974). Res judicata thus encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes.

<u>Brown v. Felsen</u>, 442 U.S. 127, 131 (1979).

In consequence, Debtor's first motion to dismiss must be denied.

Debtor's second motion to dismiss states that Joyce Beery mortgaged the entire Los Alamos Property [including the estate's interest] in order to obtain funds to pay taxes to the United States Treasury, Internal Revenue Service, that the taxes paid benefitted the estate because the taxes paid were jointly owed by Joyce Beery and the estate, and therefore "the case should be dismissed since it was to the advantage of the bankruptcy estate to have the IRS debt paid". Doc 18 at 2. Debtor goes on to request the Court to award Joyce Beery "a judgment against the Trustee in the amount of the one-half of the amount paid to the

IRS". Id. Of course, Debtor does not have standing to make such a request on behalf of Joyce Beery, so the motion – both requests – must be denied on that basis alone. Further, whether the estate is liable for having a debt paid for it (assuming this is what happened) is an entirely different issue from whether the Trustee should be able to clear up the title on the Los Alamos Property, and thus constitutes no basis for the motion to dismiss.

For the foregoing reasons, an order shall enter denying Debtor's motions to dismiss (doc 18).

_____
James S. Starzynski
United States Bankruptcy Judge

Date Entered on Docket:  April 11, 2011

COPY TO:

William J Arland, III
PO Box 1089
Santa Fe, NM 87504-1357

Clifford C Gramer, Jr
3733 Eubank Blvd NE
Albuquerque, NM 87111-3536